UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DAVID PAPAZONI,                   :
                                  :
        Plaintiff,                :
                                  :
    v.                            :    Case No. 2:13-cv-258
                                  :
PETER SHUMLIN,                    :
Governor, State of               :
Vermont, Official                :
Capacity, VERMONT                 :
STATE HOUSING AUTHORITY,          :
and SOCIAL SECURITY               :
ADMINISTRATION,                   :
                                  :
        Defendants.               :

OPINION AND ORDER
(Docs. 11, 12, 14)

*Pro se* Plaintiff, David Papazoni, brings this action

against Peter Shumlin, Governor of the State of Vermont, in

his official capacity ("Governor Shumlin"), Vermont State

Housing Authority ("VSHA"), and the Social Security

Administration ("SSA") (collectively, "Defendants").  Now

pending before the Court is Governor Shumlin's Motion to

Dismiss, VSHA's Motion to Dismiss, or in the alternative,

Motion for a More Definite Statement, and SSA's Motion to

Dismiss.  Mr. Papazoni has not filed responses.  For the

reasons that follow, Governor Shumlin's Motion to Dismiss

(Doc. 11) is GRANTED, VSHA's Motion to Dismiss (Doc. 12) is

1

GRANTED and Motion for a More Definite Statement is DENIED
as moot, and SSA's Motion to Dismiss (Doc. 14) is GRANTED.

<u>DISCUSSION</u>

Mr. Papazoni's Complaint is comprised of three
paragraphs. (Doc. 4 at 2.) He alleges that Defendants
"continue to use [his] compr[o]mi[s]ed Social Security
number" and have committed abuse, fraud, and discrimination
against him. *Id*. He also alleges he is "still unable to
obtain medications" due to "ongoing eligibility [f]rauds."
*Id*. He requests "reasonable accommodations" and seeks to
"incarcerate the abusers, [f]rauders [etc.]" *Id*.

I.  <u>STANDARD OF REVIEW</u>

Defendants bring their motions to dismiss under Federal
Rules of Civil Procedure 12(b)(1) and 12(b)(6). A facially
sufficient complaint may be properly dismissed for lack of
subject matter jurisdiction under Rule 12(b)(1) when the
district court lacks the statutory or constitutional power
to adjudicate it." *Makarova v. United States*, 201 F.3d 110,
113 (2d Cir. 2000). The party asserting subject matter
jurisdiction has the burden of proving, by a preponderance
of the evidence, that the court has jurisdiction. *Id*.

On a motion to dismiss pursuant to Rule 12(b)(6), the

court must accept all factual allegations as true and draw
all reasonable inferences in favor of the plaintiff. *Mills
v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).
"[A] complaint must contain sufficient factual matter,
accepted as true, to 'state a claim for relief that is
plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,
678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.
544, 570 (2007)).  "The plausibility standard is not akin to
a 'probability requirement,' but it asks for more than a
sheer possibility that a defendant has acted unlawfully."
*Iqbal*, 556 U.S. at 678.

Complaints brought by *pro se* litigants are held "to
less stringent standards than formal pleadings drafted by
lawyers." *Peay v. Ajello*, 470 F.3d 65, 67 (2d Cir. 2006)
(internal quotation marks and citation omitted).  A *pro se*
complaint is construed "to raise the strongest arguments it
suggests." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007)
(citation omitted).

II.   Governor Shumlin's Motion to Dismiss

Governor Shumlin argues that the doctrine of res
judicata bars Mr. Papazoni's claims against him.  His Motion
to Dismiss cites a recent case brought by Mr. Papazoni that

3

was dismissed by Chief Judge Christina Reiss on May 9, 2013. *Papazoni v. State of Vermont*, No.5:12-cv-01-cr, Dkt. No. 22, slip op. at 4 (D.Vt. May 9, 2013), *appeal dismissed*, No. 13-2281, Dkt. No. 16, slip op. (2d Cir. Aug. 21, 2013).

The doctrine of res judicata, or claim preclusion, provides that, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (internal quotation marks and citation omitted).  The district court applies federal law to determine the preclusive effect of a federal judgment.  *Marvel Characters, Inc. V. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).  The Second Circuit's test for claim preclusion requires the district court to determine whether the previous action was: "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *NML Capital, Ltd. V. Banco Central de la Republica Argentina*, 652 F.3d 172, 184-85 (2d Cir. 2011).

This Court issued an order dismissing Mr. Papazoni's previous case on the merits; that case involved the same

4

defendant and the same causes of action.  The previous case alleged that Governor Shumlin participated in "Abuses, Frauds, and Discriminations" in the form of an improperly recorded social security number and the denial of access to medications through the Medicaid D prescription drug program, among other claims.  *Papazoni v. State of Vermont*, No.5:12-cv-01-cr, Dkt. No. 22, slip op. at 2 (D.Vt. May 9, 2013), *appeal dismissed*, No. 13-2281, Dkt. No. 16, slip op. (2d Cir. Aug. 21, 2013).  Chief Judge Reiss granted Mr. Papazoni leave to file an amended complaint on two separate occasions.  *Id.* at 3-4.

The May 9, 2013 Opinion and Order provides a thorough analysis that considered the possibility that Mr. Papazoni intended to bring claims against Governor Shumlin in his individual capacity, even though, as here, the Second Amended Complaint expressly referred to Governor Shumlin in his "official capacity."  *Id.* at 5.  Chief Judge Reiss also concluded that Mr. Papazoni failed to allege facts connecting Governor Shumlin to an ongoing violation of federal law which might merit prospective injunctive relief, including "reasonable accommodations," under the *Ex Parte Young* doctrine.  *Id.* at 8, 9.

5

The Court concluded that Mr. Papazoni failed to state a claim against Governor Shumlin.  Dismissal for failure to state a claim under Rule 12(b)(6) operates as a "judgment on the merits." *Federated Dept. Stores v. Moitie*, 452 U.S. 394, 398, n.3 (1981); *see also Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). Therefore, because Mr. Papazoni's claims against Governor Shumlin have already been dismissed on the merits for failure to state a claim, Governor Shumlin's Motion to Dismiss is GRANTED, and all claims against Governor Shumlin are DISMISSED WITH PREJUDICE.

### III. SSA's Motion to Dismiss

Defendant SSA moves to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6).  (Doc. 14 at 1.)  SSA argues that the doctrine of sovereign immunity bars Mr. Papazoni's claims, and Mr. Papazoni has not alleged a viable claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), or the Rehabilitation Act, 29 U.S.C. § 794(a), necessary to invoke this Court's subject matter jurisdiction.

Under the doctrine of sovereign immunity this Court

lacks subject matter jurisdiction to hear suits against the
United States absent consent.  *See United States v. Dalm*,
494 U.S. 596, 608 ("[T]he terms of the [United States']
consent to be sued in any court define [the] court's
jurisdiction to entertain the suit."); *see also Presidential
Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir.
1999) ("In any suit in which the United States is a
defendant, there must be a cause of action, subject matter
jurisdiction, and a waiver of sovereign immunity.").  "The
sovereign immunity of the United States may only be waived
by a federal statute."  *Id*. at 139.  Mr. Papazoni does not
make any factual allegations against SSA that would support
claims under a federal statute allowing him to bring suit
against the United States or SSA in federal court.

In order to construe Mr. Papazoni's Complaint in the
most liberal manner possible, the Court will analyze Mr.
Papazoni's claims under the FTCA, which provides a limited
waiver of sovereign immunity necessary.  However, Mr.
Papazoni nonetheless has failed to state a claim upon which
relief can be granted.  First, SSA is not a proper party
defendant.  "Under the FTCA, suit must be brought directly
against the United States, and federal agencies are immune

from suit." *Langella v. Bush*, 306 F. Supp. 2d 459, 464 (S.D.N.Y. 2004) (citing 28 U.S.C. § 2679(a) and *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975)).

Furthermore, Mr. Papazoni has not alleged or otherwise shown that he has exhausted his administrative remedies or that he has sought review of whatever adverse action underlies his claims for purposes of the FTCA. *See* 28 U.S.C. § 2675(a) (requiring claimant to "first present[] the claim to the appropriate Federal agency and his claim shall have been finally denied."); see also *Langella*, 306 F. Supp. 2d at 464 (holding plaintiff did not meet pleading burden with respect to exhaustion requirement where plaintiff "did not file an administrative claim with respect to the alleged torts of the SSA."). Because Mr. Papazoni has not demonstrated compliance with the FTCA,[1] this Court lacks

---

[1]SSA's Motion to Dismiss cites a signed "Declaration of Lucinda E. Davis," an SSA official (Doc. 14-1) as evidence that Mr. Papazoni has not lodged an administrative tort claim against the SSA. On a Rule 12(b)(1) motion to dismiss, the Court may look to evidence outside the pleadings to resolve disputed factual issues pertaining to jurisdiction. *State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 77, n. 4 (2d Cir. 2007). However, on a Rule 12(b)(6) motion, matters outside the pleadings are not considered unless the motion is treated as one for summary judgment. *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Because Mr. Papazoni's Complaint does not provide sufficient factual detail regarding his claims against SSA, the Court need not consider the affidavit to reach the conclusion that Mr. Papazoni has failed to plead an FTCA claim or allege exhaustion.

subject matter jurisdiction to hear any FTCA-based claims against SSA.  *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (failure to plead and prove compliance with FTCA deprives district court of jurisdiction).

The Social Security Act also forecloses actions "against the United States, the Commissioner of Social Security, or any officer or employee thereof" brought under 28 U.S.C. § 1331 or 1346.  42 U.S.C. § 405(h); *see also Weinberger v. Salfi*, 422 U.S. 749, 761 (1975) (holding § 405(h) forecloses constitutional claims).  The proper mechanism for review of decisions by the Commissioner of Social Security is set forth at 42 U.S.C. § 405(g), unless the case is of a nature that no appropriate administrative forum exists.  *See Binder & Binder, P.C., v. Barnhart*, 399 F.3d 128, 130 (2d Cir. 2005) (identifying circumstance under which § 405(h) did not apply).  Without additional factual allegations, the Court cannot infer or otherwise conclude that § 405(h) does not apply, thereby precluding Mr. Papazoni's claims against SSA.

Finally, to the extent Mr. Papazoni's request for "reasonable accommodations" and allegations regarding his

Medicaid benefits may be interpreted as a claim against SSA under the Rehabilitation Act, Mr. Papazoni has not made out a prima facie case.  Section 504 of the Rehabilitation Act ("Section 504") prohibits discrimination by federal agencies on the basis of disability.  29 U.S.C. § 794(a).[2]  To establish a prima facie case of benefit discrimination under Section 504, the plaintiff must show: "(1) he is a 'handicapped person' under the Act; (2) he is 'otherwise qualified' for the benefit sought; (3) he is being denied the benefit 'solely by reason of' his handicap; and (4) the benefit exists as part of a federal[ program]." *Flight v. Gloeckler*, 878 F. Supp. 424, 426 (N.D.N.Y. 1995) (citing *Doe v. New York University*, 666 F.2d 761, 774 (2d Cir. 1981)).  Mr. Papazoni has not alleged any facts regarding any of these elements.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*,

---

[2]Section 504 provides in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 706(8) of this title shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination . . . under any program or activity conducted by any Executive agency.

29 U.S.C. § 794(a).

556 U.S. at 678.

Therefore, because Mr. Papazoni has failed to state a claim on which relief can be granted under FTCA or the Rehabilitation Act, and the doctrine of sovereign immunity generally bars any other claims against SSA, this Court lacks subject matter jurisdiction over Mr. Papazoni's claims against SSA. Accordingly, SSA's Motion to Dismiss (Doc. 14) is GRANTED.

<u>IV. VSHA's Motion to Dismiss, or in the alternative,<br>Motion for a More Definite Statement</u>

Defendant VSHA moves to dismiss pursuant to Rule 12(b)(6) arguing that Mr. Papazoni's Complaint lacks sufficient factual allegations to plausibly entitle him to relief. (Doc. 12 at 1.) Alternately, VSHA moves for a more definite statement, pursuant to Rule(e). *Id*. Mr. Papazoni's Complaint does not provide any factual allegations specific to VSHA. Therefore, VSHA's Motion to Dismiss (Doc. 12) is GRANTED, and the Motion for a More Definite Statement is DENIED as moot.

<u>CONCLUSION</u>

For the reasons set forth above, Governor Shumlin's Motion to Dismiss (Doc. 11) is GRANTED, VSHA's Motion to Dismiss (Doc. 12) is GRANTED and Motion for a More Definite

Statement is DENIED as moot, and SSA's Motion to Dismiss
(Doc. 14) is GRANTED.

Generally, a *pro se* litigant is afforded an opportunity
to amend his or her pleading prior to dismissal "unless the
court can rule out the possibility, however unlikely it
might be, that an amended complaint would succeed in stating
a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007)
(internal quotation marks and citation omitted).  Leave to
amend may be denied where amendment would be futile.  *See*
*Ruffolo v. Oppenheimer Co.*, 987 F.2d 129, 131 (2d Cir. 1993)
("Where it appears that granting leave to amend is unlikely
to be productive . . . it is not an abuse of discretion to
deny leave to amend.").

Chief Judge Reiss has already concluded that granting
leave to amend with respect to Mr. Papazoni's claims against
Governor Shumlin would be futile, *id* at 9, and the Court
will not disturb that conclusion.  Therefore, Mr. Papazoni
is denied leave to amend with respect to his claims against
Governor Shumlin.

With respect to SSA and VSHA, Mr. Papazoni has not had
an opportunity to file an amended complaint.  Mr. Papazoni
is GRANTED thirty (30) days leave to file an amended

12

complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure in order to provide more detailed allegations regarding SSA and VSHA.  Failure to file an amended complaint within thirty (30) days of the date of this Order may result in dismissal of all claims against SSA and VSHA without prejudice.

Dated at Burlington, in the District of Vermont, this 15th day of April, 2014.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court

13